Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

FILED

# UNITED STATES DISTRICT COURT

for the

2024 MAR 18 P 12: 57

Eastern District of Virginia

Alexandria Division

|  |  |  |
|---|---|---|
| Khai Bui | ) | Case No. 1:24CV421 |
| | ) | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) ) | Jury Trial: *(check one)*   ☐ Yes   ☒ No |
| -v- | ) ) ) ) | |
| Van Lam, and Thomas F. Gabbert | ) ) ) | |
| *Defendant(s)* | ) ) | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) | |

## COMPLAINT FOR A CIVIL CASE

### I.   The Parties to This Complaint

#### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Khai Bui |
| Street Address | 630 Sheridan Street Apt. #302 |
| City and County | Hyattsville |
| State and Zip Code | MD 20783 |
| Telephone Number | 571-389-0693 |
| E-mail Address | akhaibui@yahoo.com |

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Van Lam |
| Job or Title *(if known)* | |
| Street Address | 44105 Riverpoint Dr |
| City and County | Leesburg |
| State and Zip Code | VA 20176 |
| Telephone Number | 703-625-1448 |
| E-mail Address *(if known)* | vivienelam@yahoo.com |

Defendant No. 2

| | |
|---|---|
| Name | Thomas F. Gabbert |
| Job or Title *(if known)* | |
| Street Address | 44105 Riverpoint Dr |
| City and County | Leesburg |
| State and Zip Code | VA 20176 |
| Telephone Number | 703-431-7851 |
| E-mail Address *(if known)* | tgfoxent@yahoo.com |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

E-mail Address *(if known)*

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42 U.S.C. § 1983
U.S. Const. Amend. I
U.S. Const. Amend. XIV

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____

and has its principal place of business in the State of *(name)* _____

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of
the State of *(name)* _____ . Or is a citizen of
*(foreign nation)* _____

b.    If the defendant is a corporation
The defendant, *(name)* _____ , is incorporated under
the laws of the State of *(name)* _____ , and has its
principal place of business in the State of *(name)* _____ .
Or is incorporated under the laws of *(foreign nation)* _____ ,
and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

Under 42 U.S.C. § 1983, the plaintiff and the children are deprived of their U.S. Const. Amend. I and U.S. Const. Amend. XIV rights. The defendants act under color of state laws, Va. Code Ann. § 20-124.3, and the divorce order to subject the father and his children to the deprivation of their Constitution rights. The defendants under color of state laws, Va. Code Ann. § 64.2-1700, Va. Code Ann. § 64.2-1702, Va. Code Ann. § 20-124.3, Va. Code Ann. § 20-124.2 (B), and Va. Code Ann. § 20-49.1, declare and state a step father is a father of the children, has custody and legal guardianship, and has parent's rights of the minor children to access and review education records. From 2015, defendants use the libel statement in school registration form to deprive the father and his children of their U.S. Const. Amend. XIV rights, and U.S. Const. Amend. I rights and privileges. The father is alive and does not consent the custody or legal guardian of the children in his lifetime see. Va. Code Ann. § 64.2-1700, and Va. Code Ann. § 64.2-1702. The defendants deprive the father of his fundamental rights, deprive the children of their rights to life, liberty, and property, interfere with father and children family relations, interfere with the children's education, and interfere with the children's doctor visits. The father told the children that the mother has legal custody until they are eighteen years of age. The father is not able to communicate with his adult son because the mother does not provide an opportunity to speak when the son was eighteen. The mother and the step-father committed these acts as a joined force to, "knowingly", "willful", with "malicious intent", and with "reckless disregard of person's rights". The step-father does not have a role in custody or in the father's family relationship with the children, see. Va. Code Ann. § 20-49.1. The children are excellent scholars and expect to have some scholarships. The wrong claims on the school registration forms would complicate rights to true speech under U.S. Const. Amend. I for both the father and the children. The same wrong claims would create a disadvantage to the children's higher education opportunity and health safeties. The mother intent to use the step-father's criminal liability on the education records.

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The relief for monetary under 42 U.S.C. § 1983 for deprivation of rights, U.S. Const. Amend. I and U.S. Const. Amend. XIV, of the father and of the children is a compensatory damage and a punitive damage. The compensatory damages for the harm to the father is a loss of business assets and shares interest, and impairment of reputation and personal humiliation. The compensatory damages for the harm to the children is pain and suffering from impairment of freedom of expression, and from personal humiliation. The compensatory damage for the father and children is calculated together as follows: the original construction cost of $120,000, $9,180 (three percent of undissolved price in 2014), and $82,620 (three percent of undissolved business estimate buyout price 2015-2024) see. Exhibit 3B. The father and children were deprived of their rights under U.S. Const. Amend. I and U.S. Const. Amend. XIV from 2015-2024 and continuing when the defendants act under the divorce settlements (2009-2011). The defendants deprive the father's Constitution fundamental rights with his children, interfere with father and children family relations, interfere with the children's education, interfere with the children's doctor visits and interfere with the father and children freedom of speech. The defendants act under color of law with, "knowing", "willful", "malicious intent", and "reckless disregard of person's rights" in violations of the father's and of the children's rights. The plaintiff seeks a punitive damage of $2.8 million for the harmful conducts of knowing, willful, malicious intent, and reckless disregard of person's rights. The damages are award to the father. The defendants have joint and several liability for the compensatory and punitive damages.

## V.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          03/18/2024

Signature of Plaintiff          *Khai Bui*
Printed Name of Plaintiff       KHAI BUI

### B.   For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

**Each document filed with the court by a *pro se* litigant shall bear the following certification:**

## CERTIFICATION

I declare under penalty of perjury that:

(1) No attorney has prepared, or assisted in the preparation of this document.

_____KHAI BUI_____
Name of *Pro Se* Party (Print or Type)

_____Khai Bui_____
Signature of *Pro Se* Party

Executed on: _March 18, 2024_ (Date)

### OR

(2) _____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)

43



United States District Court

for the

Eastern District of Virginia        2024 MAR 18  P 12: 58

Alexandria Division


Khai Bui

       Plaintiff,                    Civil Action No.:

v.

Van Lam, and

Thomas F. Gabbert

       Defendants.


    Complaint-Father's fundamental rights and his children's rights

Comes now, Khai Bui pro-se is filing a lawsuit for violations under "color of

Virginia laws" to deprive father's and his children's U.S. Const. Amend. I and

U.S. Const. Amend. XIV rights under 42 U.S.C. § 1983. The court has jurisdiction

of a cause of action under 42 U.S.C. § 1983. The defendants act under "color of

state laws" – a court order see. Exhibit 2B, Va. Code Ann. $20-124.3, Va. Code

Ann. § 20-124.2 (B), Va. Code Ann. § 64.2-1700, Va. Code Ann. § 64.2-1702 and

Va. Code Ann. § 20-49.1 to deprive a plaintiff and his children of rights and

privileges in the U.S. Const. Amend. I, and U.S. Const. Amend. XIV on

registration forms to public school see. (Family Educational Rights and Privacy

Act (FERPA), 20 U.S.C. § 1232g; 34 CFR Part 99).

   1) The father divorce from the mother after 7 years of marriage. The family

      has a business from 2005 in Leesburg, VA when the father gave his twenty-

      seven percent shares of the business to the mother during the divorce.

      The business had a gross-sale figures of over a quarter of a million

      dollars a year after two years in operation. The business has no debt and

      no profit at the time. The mother received the shares of the store and

1

ten thousand dollars in exchange for custody and support obligation. The private settlement was years before the mother filed another case for legal custody ending in 2011. The mother has asked for more money from the father for the kids after the divorce but she has refused money and kids' presents on occasions. The final family visitation and custody arrangement was finalized in Loudoun County circuit court, Consent Order, see. Exhibit 2B. The business served the community and its people who came to the store for facial, massages and nail services between 2005-2010. The business service people with lower-than-normal hygiene such as skin diseases in its first few years to gain geographical and human knowledge. The operation of the business LLC, involve the construction of the space. The one hundred twenty thousand dollars construction cost of the space approved by the county is part of the operation agreement. Since December 24, 2008, the mother has not given the father any profit from the business for his remaining shares of the business. The father is entitled to his shares because the operation agreement has not been forfeited and the store assets are being use to make profit see. Jasmine Nail & Day Spa Operation Agreement, Exhibit 3B.

2) The father's parent fundamental rights under U.S. Const. Amend. XIV are violated. The children's U.S. Const. Amend. XIV rights are violated. The violations happened between 2015-2024 and continuing when the minor children are in the custody of the mother. The mother violates Va. Code Ann. $20-124.3 (Consent Order - best interest of children), Va. Code Ann. § 20-124.2 (B) (custody and visitation), Va. Code Ann. § 64.2-1700 (natural guardian), Va. Code Ann. § 64.2-1702 (appointment of guardian) and Va. Code Ann. § 20-49.1 (parent and child relations). The mother filed education record forms to claim her husband is one or more of the followings: other parent as name on the birth certificate, legal guardian, "parent right" and "custody" see. Exhibit 4B. The violations of FERPA are

2

continuing while the children are enrolled in Loudoun County Public Schools. The defendants act under "color of Virginia laws" to deprive the father's and the children's U.S. Const. Amend. XIV. The father told the children about the divorce settlement in 2011 and said nobody else can claim custody but the mother has legal custody until the children are eighteen years of age. The mother was the parent who filed education record forms for the children, in 2015, Loudoun County Public Schools Student Registration, see. Exhibit 4B. The high school student profile of Sean Bui, assert the mother and step-father has custody, five-years later, see. Exhibit 5B. Defendants act under color of state laws subject or cause to be subjected, the father's fundamental rights under U.S. Const. Amend. XIV and the children's U.S. Const. Amend. XIV rights and privileges to the deprivation of U.S. Const. Amend. XIV. The custody order is a Consent Order under (Va. Code Ann. $20-124.3). The defendants declare and state false legal guardianship and custody claims between 2015-2024 and continuing, to deprive the father's parent fundamental rights under U.S. Const. Amend. XIV and deprive the children's U.S. Const. Amend. XIV rights. The minor children have other registration records since 2011 and kindergarten which would show the maneuvering on education records are to harm the father and children. The Consent Order said the father has right to review education and health records. The father and his children have communication through the mother's yahoo email address under the conditions of court order. The father is alive and available as a parent on the education and the records. The mother violated the FERPA law by submitting false claim of assigning custody and legal guardian. The step-father violate FERPA law by submitting his name as having custody and legal guardian on the education records. Under 42 U.S.C. § 1983 for deprivation of U.S. Const. Amend. XIV rights, defendants violate statutes of law under "color of Virginia laws" as in the case.

3

3) The children's education and health could have been better if it was not for the mother's filing of libel statements to the schools on the education of the children. The father has sent email to the children through the mother's email address and no other contacts without the mother. The children have and must have suffered from deprivation of rights under U.S. Const. Amend. XIV when the defendants claim, step-father has legal guardianship and custody. The mother is making custody and legal guardianship arrangement in the education record of the children in violations of court order and Virginia laws concerning a right to custody and legal guardianship.

4) The daughter has been physically hurt with a broken bone in 2009 and head injury in 2020. The son has been in the hospital for non-malignant tumor operation of the foot in 2016. The non-malignant tumor was due to careless hygiene. The children said the broken bones injuries to the daughter happened under the custody of the mother and the step-father caused it. Accordingly, the defendants have failed to act in the interest of the children while they are minor children and under the supervision of the mother.

5) In additions to the afore mentioned violations of laws, the Va. Code Ann. § 22.1-287.02. Students' personally identifiable information, and Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g; 34 CFR Part 99 prohibit unauthorize access to student's education records. The court did not give any other party of interest access to student's privacy education records. The step-father claim of legal guardianship and custody to have access to education records of the children on the registration form is a violation of the FERPA. The school may have allowed for the form to be submitted with step-parent as contact when a parent is not available. However, the parents are alive which means the parents has priority and are available to access, to review the education records

4

under FERPA. The parent on birth certificate or legal guardian field is not for the step-father, in the registration form. The mother signed the registration forms and she along with her husband, step-father violate FERPA. The Loudoun County Public School registration forms see. Exhibit 4B, are education records showing the mother signing for the step-father to have access to education records. The remedy for a FERPA violations is for the mother to make changes to the education records and the registration forms with the schools or the record keeper.

6) The state court has not informed the father of a request for legal guardianship or custody other than the Consent Order. Accordingly, any other interest party claiming custody or legal guardianship of the children other than the parents would deprive a parent of fundamental rights under, Va. Code § 1-240.1, the U.S. Const. Amed. XIV - fundamental rights of parent, Va. Code Ann. $20-124.3 (Consent Order), Va. Code Ann. § 20-124.2 (B) (custody and visitation), Va. Code Ann. § 64.2-1700 (natural guardian). The mother has malicious intent to claim other interest party has custody rights. The malicious intent is to keep the father from his parent's rights of his own children during their growing up and after they are eighteen years of adult age. The "malicious intent" and "reckless disregard of person's rights" are to claim someone else's children as your own or to provide unsafe custody of your own children. The defendants have acted together maliciously, with willful disregard to the father's and his children's rights for more than a decade. The father has rights to protect his own and his children's rights. The U.S. Supreme Court opinion, *Troxel v. Granville*, 530 U.S. 57 (2000) - "There is a fundamental right under the Fourteenth Amendment for a parent to oversee the care, custody, and control of a child.". The biological parents are alive in the case and the mother has legal custody of the minor children. The biological parents have fundamental rights of their minor children

including "freedom of speech" in school policies, education record personal identities privacy, life, liberty and property. The mother "knowing", "willful", "malicious intent", and "reckless disregard of person's rights", file education record to declare and state the step-father has legal guardianship and custody. She has completed these forms to the public schools with a purpose to gradually insert the step-father into the children's education and health histories and access to the children's records in an unlawful manner. The privacy violation of the FERPA and legal guardian or custody claim to expose the children's education records for access from a third party of interest are violations of laws and U.S. Constitution. The remedy for 42 U.S.C. § 1983 violations is compensatory and punitive damages. The father does not want somebody else to replace the father's name on the minor children's education and health records and the father does not consent for a third party of interest to seek the minor children's education and health records when the laws clearly made it illegal to abuse minor children's. The education records may contain health records and exposing access would include education and health records. The education and health records improper openness caused mental distress such as embarrassment, harassment in public and in school, feeling loss of property, and loss of care from the biological father.

7) The father and children suffered from life, liberty and happiness, rights to privacy, freedom of speech and property. Children suffer from cognitive liberty, intellectual and speech freedom, mind control, rights to free expression because the mother has not provided any visitation since 2010 and has not provide any visitation when the adult son turned eighteen years of age. The mother uses the Consent Order to obstruct communication between the father and adult son. The mother does not have a right to include step-father in the divorce family of the children. The family

6

private divorce settlement has been violated by the defendants because the mother and the step-father does not have rights to assign third-party of interest custody or legal guardianship.

8) The father and children suffered from adverse enforcement of the FERPA false custody claims in violation of their U.S. Const. Amend. I. Under FERPA, the victims only have rights to have the records change. The U.S. Const. Amend. I violations under 42 U.S.C. § 1983 include the followings when the libel statement are in the registration forms: The schools and the doctor's office did not provide the father access to education and health records in the same ways after the false claim; they provide less and less documents and the father have no idea of the reasons; the children suffered from mental and physical stress because the father told them about of divorce settlement; the father said nobody else can have legal custody but the mother until they are eighteen years of age. Mental and physical stress occur when the children find a father's statements are changed in the records. The children are excellent scholars and expect to have some scholarships. The wrong claims on the school registration forms would complicate right to true speech under U.S. Const. Amend. I for both the father and the children. The same wrong claims would create a disadvantage to the children's higher education opportunity and health safeties. The defendants act under color of Virginia laws against the children and the father. The defendants intend to harm and interfere the family relationship of the children their father, interfere with children education and children futures, interfere with children health and safeties, and interfere with the father's fundamental rights to provide care, raising advice, education advice, and health and safety of children advice during childhood and after eighteen years of age. The mother has legal custody but the father has fundamental rights under the Constitution and the fundamental rights have been violated. The defendants have no

7

rights to violate FERPA. The father has not been able to say he is the father of his children without a negative reaction from the recipient of the speech. The children have not been able to say they are the children of the father with their schools, the Khai Bui's family. There are deprivations of students' freedom of speech given to students by the high school policy, "freedom of expressions", and the children could not exercise their rights to be truthful in school with their friends and their teachers. U.S. Const. Amend. I right said: "The First Amendment of the United States Constitution protects the right to freedom of religion and freedom of expression from government interference. It prohibits any laws that abridge the freedom of speech or prohibit citizens from petitioning for a governmental redress of grievances.". The high school "freedom of expression" said: "Students may exercise their right to freedom of expression through speech, peaceful assembly, petition, and other lawful means, provided such expression does not cause substantial disruption or is not otherwise lewd, obscene, or profane. This includes racial slurs, hate speech, and/or discriminatory language. Principals may provide reasonable times and appropriate places for students to exercise this right; however, the exercise of this right may be revoked whenever it becomes disruptive to the school program or interferes with the rights of other students to pursue their studies or activities or to express their ideas or reasonably leads the principal to forecast disruption or interference. Students may not use this right to present obscene material; to slander or defame the character of another person or persons; nor to advocate the violation of any federal, state, or local laws and/or official school policies, rules, or regulations; Students shall have the right to present recommendations to teachers and administrators to advocate change of any policy, rule, or regulation. Teachers and administrators shall make reasonable arrangements for a time and place to

8

hear such recommendations.". The mother, step-father are using the education record forms under FERPA to impose on the children's privacy education rights and to prevent the children's from ever speaking of their biological father's custody arrangement at least while in school. The defendants file the documents with the school to deprive the U.S. Const. Amend. I right of the children to exercise true speech. The defendants' coercion on the education records forms is malicious, and with reckless disregard of others' rights. The violations are with "malicious intent" and "reckless disregard of person's rights". The defendants and the school have been notified to change to education record. The defendants have not response to the notification. The father tried to convince the mother of her improper use of the children's name and their education/health records in 2015. Va. Code § 1-204 - Age of majority said eighteen years of age person is an adult and under the laws he is not a child. The defendants are unlawfully preventing the adult son to exercise his Constitution rights to a family relation with the father. The son and the father have not communicated directly in a meaningful way. The mother had no more rights to full custody when the children turn eighteen and she said to only contact his son, Sean Bui, through her email. Va. Code § 1-248 - Supremacy of federal and state law said "The Constitution and laws of the United States and of the Commonwealth shall be supreme. Any ordinance, resolution, bylaw, rule, regulation, or order of any governing body or any corporation, board, or number of persons shall not be inconsistent with the Constitution and laws of the United States or of the Commonwealth.". The father's U.S. Const. Amend. I rights are violated because the defendants are failing to provide communication and contacts with the eighteen years old child in violation of the Consent Order and violated when the children are minor from 2015-2024 see. Exhibit 2B.

9)   Under 42 U.S.C. § 1983, the plaintiff and the children are deprived of their U.S. Const. Amend. I and U.S. Const. Amend. XIV rights. The defendants act under color of state laws, Va. Code Ann. § 20-124.3, and the divorce order to subject the father and his children to the deprivation of their Constitution rights. The defendants under color of state laws, Va. Code Ann. § 64.2-1700, Va. Code Ann. § 64.2-1702, Va. Code Ann. § 20-124.3, Va. Code Ann. § 20-124.2 (B), and Va. Code Ann. § 20-49.1, declare and state a step father is a father of the children, has custody and legal guardianship, and has parent's rights of the minor children to access and review education records. From 2015, defendants use the libel statement in school registration form to deprive the father and his children of their U.S. Const. Amend. XIV rights, and U.S. Const. Amend. I right and privileges. The father is alive and does not consent the custody or legal guardian of the children in his lifetime see. Va. Code Ann. § 64.2-1700, and Va. Code Ann. § 64.2-1702. The defendants deprive the father of his fundamental rights, deprive the children of their rights to life, liberty, and property, interfere with father and children family relations, interfere with the children's education and doctor visits; and their freedom of speech. The father told the children that the mother has legal custody until they are eighteen years of age. The father is not able to communicate with his adult son because the mother does not provide an opportunity to speak when the son was eighteen. The mother and the step-father committed these acts as a joined force to, "knowingly", "willful", with "malicious intent", and with "reckless disregard of person's rights". The step-father does not have a role in custody or in the father's family relationship with the children, see. Va. Code Ann. § 20-49.1. The children are excellent scholars and expect to have some scholarships. The wrong claims on the school registration forms would complicate rights to true speech under U.S. Const. Amend. I

for both the father and the children. The same wrong claims would create a disadvantage to the children's higher education opportunity and health safeties. The mother intent to use the step-father's criminal liability on the records to cause reputation harm to a plaintiff see. Exhibit 8B.

10) The relief for monetary under 42 U.S.C. § 1983 for deprivation of rights, U.S. Const. Amend. I and U.S. Const. Amend. XIV, of the father and of the children is a compensatory damage and a punitive damage. The compensatory damages for the harm to the father is a loss of business assets and shares interest, and impairment of reputation and personal humiliation. The compensatory damages for the harm to the children is pain and suffering from impairment of freedom of expression, and from personal humiliation. The compensatory damage for the father and children is calculated together as follows: the original construction cost of $120,000, $9,180 (three percent of undissolved price in 2014), and $82,620 (three percent of undissolved business estimate buyout price 2015-2024) see. Exhibit 3B. The father and children were deprived of their rights under U.S. Const. Amend. I and U.S. Const. Amend. XIV from 2015-2024 and continuing when the defendants act under the divorce settlements (2009-2011). The defendants deprive the father's Constitution fundamental rights with his children, interfere with father and children family relations, interfere with the children's education, interfere with the children's doctor visits and interfere with the father and children freedom of speech. The defendants act under color of law with, "knowing", "willful", "malicious intent", and "reckless disregard of person's rights" in violations of the father's and of the children's rights. The plaintiff seeks a punitive damage of $2.8 million for the harmful conducts of knowing, willful, malicious intent, and reckless disregard of person's rights. The damages are award to the father. The defendants have joint and several liability for the compensatory and punitive damages.

11

Wherefore, plaintiff request the Court to grant the relief of compensatory damages for deprivation of constitution rights and a punitive damage. Plaintiff further request the Court to order the mother to submit changes to the schools.

Date: March 18, 2024

Khai Bui
630 Sheridan Street Apt. #302
Hyattsville, MD 20783
Phone: 571-389-0693
Email: akhaibui@yahoo.com

12

Certificate of Service

I, Khai Bui, pro se certify that on the  18th  day of  March , 2024, I will

process serve a copy of the Complaint-Father's fundamental rights and his

children's rights at the address below:


Van Lam
44105 Riverpoint Dr
Leesburg, VA 20176
Phone: 703-625-1448
Email: vivienelam@yahoo.com


Thomas F. Gabbert
44105 Riverpoint Dr
Leesburg, VA 20176
Phone: 703-431-7851
Email: tgfoxent@yahoo.com




Date:  March 18, 2024              _Khai Bui_____

Khai Bui
630 Sheridan Street Apt. #302
Hyattsville, MD 20783
Phone: 571-389-0693
Email: akhaibui@yahoo.com

**Each document filed with the court by a *pro se* litigant shall bear the following certification:**

## CERTIFICATION

I declare under penalty of perjury that:

(1) No attorney has prepared, or assisted in the preparation of this document.

_____KHAI BUI_____
Name of *Pro Se* Party (Print or Type)

_____KhaiBui_____
Signature of *Pro Se* Party

Executed on: __March 18, 2024__ (Date)

### OR

(2) _____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)

43